<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NOVO NORDISK A/S and<br>NOVO NORDISK, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>MYLAN PHARMACEUTICALS, INC.,<br><br>        Defendant. | OPINION<br>Civil Action No. 09-2445 (FLW) |

**<u>WOLFSON</u>, United States District Judge**:

      Presently before the Court is a Motion by Defendant Mylan Pharmaceutical Inc. ("Mylan") for Attorney Fees arising out of an infringement action filed by Plaintiffs Novo Nordisk Inc. and Novo Nordisk A/S ("Nordisk"). On March 31, 2010, this Court issued an Opinion and Order ("Opinion") dismissing the infringement action filed by Plaintiffs. Specifically, this Court found that the infringement action was not ripe for review, and, as a result, held that the Court lacked jurisdiction over the action pursuant to Fed. R. Civ. P. 12(b)(1). By its Motion, Defendant now seeks an Order that both declares it a prevailing party and awards attorney fees pursuant to the Patent Act, 35 U.S.C. § 285 ("the Act"). The Court has considered the parties' moving, opposition and reply briefs as well as letter submissions and Defendant's <u>Amicus Curiae</u> brief. For the reasons that follow, the Court denies Defendant's motion.

I.     BACKGROUND

The Court recounted the factual history of this case and, specifically the patent infringement claim, in its Opinion issued on March 31, 2010.  Thus, the Court will only briefly recite the relevant facts herein and will incorporate the facts set forth in its earlier Opinion for purposes of this motion.

On May 20, 2009, Nordisk filed a patent infringement suit under 35 U.S.C. § 271(e)(2), alleging that the filing of Mylan's ANDA for a generic version of oral repaglinide tablets infringed on U.S. Patent No. 6,677,358 (the "'358 patent").  Mylan moved to dismiss the Complaint on June 11, 2009.  On June 26, 2009, while Mylan's initial motion to dismiss was pending, Nordisk filed an Amended Complaint (the "First Amended Complaint") and alleged that "[b]ased on a May 19, 2009 discussion with the FDA, Novo Nordisk understood that the FDA would not permit any ANDA filer for generic repaglinide to rely upon a section viii statement in connection with claim 4 of the '358 patent."  First Amended Complaint ¶ 23.  Nordisk further asserted that the "import of this ruling is that, in view of the amended use code for PRANDIN®, the FDA will not permit any ANDA filer for generic repaglinide to omit information from its labeling regarding the use of repaglinide in combination with metformin."  Id. ¶ 24.  Nordisk averred that as a direct and necessary consequence, Mylan's section viii statement in connection with claim 4 of the '358 patent "is of no force and effect, and its proposed labeling will be rejected by the FDA."  Id.  Accordingly, Nordisk asserted a cause of action for infringement under § 271(e)(2)(A).

Mylan subsequently filed a second motion to dismiss.  In this motion, Mylan asserted that the Court lacked jurisdiction over Nordisk's assertion that the ANDA infringes claim 4 of the

2

'358 patent. This Court, after thorough review and analysis, issued an Opinion finding that it lacked jurisdiction over the infringement action as Mylan did not seek approval in its ANDA to practice claim 4 and thus, there was no threat of infringement. Specifically, this Court held that Nordisk's claim for infringement was not ripe for review. As a result, the Court dismissed the First Amended Complaint.

In the underlying patent litigation, Mylan was represented by attorneys from two law firms: Perkins Coie, LLP and Saiber, LLP. Defendant now seeks reimbursement from Plaintiffs for the fees paid for services rendered by both firms. From the amounts listed on invoices submitted to Mylan from both firms, Defendant seeks $243,975 in attorneys fees for services related to work performed prior to the research, drafting, and filing of the instant motion for fees. Specifically, Mylan seeks to recover $214,837 for services provided by the attorneys from Perkins Coie, LLP, and $29,138 for services provided by Saiber, LLP.[1] Brief in Support of Mylan Pharmaceutical Inc.'s Motion for Attorney Fees ("Def's Br.") at 6; Declaration of Ms. Shannon M. Bloodworth in Support of Mylan Pharmaceutical Inc.'s Motion for Attorney Fees ("Bloodworth Dec.") at ¶ 8; Declaration of Arnold B. Calmann in Support of Mylan Pharmaceuticals Inc.'s Motion for Attorney Fees ("Calmann Dec.") at ¶¶ 5,6. Defendant additionally seeks reimbursement for attorney's fees relating to the filing of the instant motion, the amount of which remains unspecified by both law firms.

---

[1]The Court notes that there appears to be a discrepancy in the amount of fees sought by Mylan. In their opening brief, Mylan states that it is seeking $243,975 in attorneys fees for services rendered by Perkins Coie, LLP and Saiber, LLP. However, the Bloodworth Declaration provides that "the combined total requested by the two firms in the attorney fees [motion] is $238,915.28." Blood worth Dec. ¶ 8. Because this Court is denying Mylan's motion, this discrepancy is of no moment.

II.     **DISCUSSION**

**A. The "American Rule" and 35 U.S.C. § 285**

Absent statutory authority to the contrary, "[i]n the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser." Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247, 95 S.Ct. 1612, 44 L.Ed.2d 141 (1975). Among the statutory exceptions to what is commonly known as the "American Rule" is 35 U.S.C. § 285, which provides that, in patent cases, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  35 U.S.C. § 285.  Section 285 serves two purposes:  (1) to compensate the prevailing party for its expense in prosecuting or defending the suit, and (2) to deter clearly unwarranted infringement suits.  See Automated Business Cos. V. NEC America, Inc., 202 F.3d 1353, 1355 (Fed. Cir. 2000).  However, section 285 only provides an award of attorney fees in limited circumstances and it is not intended to be an "ordinary thing in patent suits."  Forest Laboratories, Inc. v. Abbot Laboratories, 339 F.3d 1324, 1329 (2d Cir. 2003 (quoting Rohm & Haas Co. V. Chrystal Chem. Co., 736 F.2d 688, 690-91 (Fed. Cir. 1984)(quoting S.Rep. No. 79-1503 (1946))).  Indeed, pursuant to the narrow exception embodied by section 285 "courts have exercised their inherent equitable power to make whole a party injured by an egregious abuse of the judicial process . . . . Congress enacted Section 285 to codify in patent cases the "bad faith" equitable exception to the American Rule . . . . Recognizing the good faith/bad faith distinction, Congress expressly limited such awards to "exceptional cases."  Sun-Tek Indus., Inc. v. Kennedy Sky Lites, Inc., 929 F.2d 676, 687 (Fed. Cir. 1991)(internal quotation marks and citations omitted)(emphasis added).

4

A trial court undertakes a three-step inquiry to adjudicate a request for attorney fees under section 285. First, the court must determine that the party requesting attorney fees is the "prevailing party" in the action. See 35 U.S.C. § 285. Second, the court examines whether there is clear and convincing evidence that the case is exceptional. Evident Corp. v. Church & Dwight Co., Inc., 399 F.3d 1310, 1315 (Fed. Cir. 2005). "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct . . . misconduct during litigation, vexatious or unjustified litigation, conduct that violates Federal Rule of Civil Procedure 11, or like infractions." Serio-US Indus., v. Plastic Recovery Techs., Corp., 459 F.3d 1311, 1321-22 (Fed. Cir. 2006) (ciations moitted). "Absent misconduct in the litigation or in securing the patent, a trial court may only sanction the patentee if . . .the litigation is [both] brought in subjective bad faith and . . . objectively baseless." Id. at 1322 (citing Prof'l Real Estate Investors v. Columbia Pictures Indus., 508 U.S. 49, 60-61 (1993). Finally, the Court may exercise discretion in awarding any attorneys fees. The Court may "weigh intangible as well as tangible factors: the degree of culpability of the infringer, the closeness of the question, litigation behavior, and any other factors whereby fee shifting may serve as an instrument of justice." Serio-US, 459 F.3d at 1322.

   *1.  Prevailing Party Requirement*

In the instant matter, Mylan argues that it is entitled to attorney fees as the prevailing party because this Court dismissed Nordisk's First Amended Complaint finding that it would not support a cause of action for infringement. In response, Nordisk contends that Mylan is not a prevailing party under section 285 since the Court did not dismiss the action on the merits, but instead, dismissed the action on justiciability grounds.

In Highway Equipment Co., Inc. v. FECO, Ltd., 469 F.3d 1027, the Federal Circuit applied the Supreme Court's analysis of what constitutes a "prevailing party"under a fee-shifting statute to 35 U.S.C.§ 285.[2] See Buckhannon Bd. and Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598 (2001). In Buckhannon, the Supreme Court explained that "[r]espect for ordinary language requires that a plaintiff receive at lease some relief on the merits of his claim before he can be said to prevail." Id. (quoting Hewitt v. Helms, 482 U.S. 755, 760, 107 S.Ct. 2672 (1987))(emphasis added). Thus, in accordance with Buckhannon, the Federal Circuit explained that the "dispositive issue" in determining prevailing party status under section 285 is whether the relief "had sufficient judicial imprimatur to constitute a 'judicially sanctioned change in the legal relationship of the parties.'" Highway Equipment Co., Inc., 469 F.3d at 1034 (quoting Buckhannon, 532 U.S. at 605). Indeed, the Federal Circuit explained that fee-shifting statutes including section 285 "prohibit an award of fees . . . unless the court awards relief on the merits, either through a judgment on the merits or through a settlement agreement enforced through a consent decree." Highway Equipment Co., Inc., 469 F.3d at 1033.

Here, Mylan argues that it obtained sufficient judicial relief to qualify as a prevailing party because this Court held that the facts alleged in the First Amended Complaint would not support a cause of action for infringement. Specifically, although Mylan concedes that numerous

---

[2]Because Federal Circuit law is applied "with respect to issues of substantive patent law and certain procedural issues pertaining to patent law," Invitrogen Corp. v. Biocrest Mfg., LP, 424 F.3d 1374, 1378-1379 (Fed. Cir. 2005), Federal Circuit law "governs the substantive interpretation of 35 U.S.C. § 285, which is unique to patent law." Pharmacia & Upjohn Co. v. Mylan Pharmaceuticals, Inc., 182 F.3d 1356, 1359 (Fed. Cir. 1999)(rejecting district court's application of Fourth Circuit standard in interpreting exceptional case requirement under 35 U.S.C. § 285, and applying Federal Circuit law instead).

courts have denied motions for attorney fees "based on a finding that there is no 'prevailing party' in the context of a motion to dismiss," Def's Br., at 2, Mylan urges this Court to find that it was the prevailing party by focusing on the circumstances of this case, such that "determination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation." Brooks Furniture Mfg. v. Dutailer Int'l Inc., 393 F.3d 1378, 1381 (Fed. Cir. 2005). The Court does not agree.

Initially, the Court notes that a dismissal for lack of jurisdiction is not a determination on the merits. See, e.g., Samsung Electronics Co. Ltd. v. Rambus, Inc., 440 F.Supp. 2d 495, 504 n.7 (E.D. Va. July 18, 2006). Indeed, "a defendant cannot be considered a 'prevailing party' when a complaint is dismissed for lack of jurisdiction because the defendant has not prevailed over the plaintiff on any issue that is fundamental to the action." Hygienics Direct Co. v. Medline Industries, Inc., 33 Fed.Appx. 621, 625 (3d Cir. 2002)(citing Sellers v. Local 1598, Dist. Council 88, Am. Fed'n of State, County, & Mun. Employees, 614 F.Supp. 141, 144 (E.D.Pa.1985), aff'd, 810 F.2d 1164 (3d Cir.1987)).

Indeed, in Motorola Inc. v. Hazeltine Research, Inc., the court denied defendant's motion for attorneys fees under section 285 on the grounds that defendant was not a prevailing party. 1990 WL 140997, at *1 (N.D. Ill. Sept. 24, 1990). There, the court had dismissed Motorola's underlying infringement suit on ripeness grounds without addressing the merits of the Complaint. In denying the defendant's motion for attorney's fees, the court explained that because defendants had not received any relief "on the merits," they were not "prevailing part[ies]" for purposes of 35 U.S.C. § 285. Id. at *1-2.

Similarly, in the instant matter, this Court dismissed Nordisk's First Amended Complaint

7

for lack of jurisdiction. Specifically, this Court held that Nordisk's claims were "not ripe for review in that it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Novo Nordisk Inc., v. Mylan Pharms. Inc., Civil Action No. 09-2445, 2010 WL 1372437, at *13 (D.N.J. Mar. 31, 2010). Thus, although the Court dismissed Nordisk's Complaint, as in Motorola, at no point did this Court reach or rule on the merits of Nordisk's claim. Indeed, while the Opinion provided that Nordisk's arguments were premature, the Court did not reach an actual decision on Nordisk's claim of patent infringement. As a result, Mylan did not receive relief "on the merits"– a requirement to confer prevailing party status. Hewitt v. Helms, 482 U.S. 755, 760 (1987). Consequently, this Court finds that Mylan is not a prevailing party in this litigation and, therefore, that attorney fees are not warranted under section 285.

     *2. Exceptional Case Requirement*

However, even if the Court were to assume, arguendo, that Mylan is a prevailing party, the Court would still have to determine that the case was exceptional in order to award attorney fees under section 285. See, e.g., Wedgetail Ltd. v. Huddleston Deluxe, Inc., 576 F.3d 1302, 1304 (Fed. Cir. 2009)(internal citations and quotations omitted). As discussed above, a case may be deemed exceptional when there has been some material inappropriate conduct related to the matter in litigation such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation or conduct that violates Federal Rule of Civil Procedure 11. See Wedgetail, Ltd., 576 F.3d at 1304. Absent misconduct in the litigation or in securing the patent, a trial court may only impose sanctions if both: (1) the litigation is brought in subjective bad faith; and (2) the litigation is objectively baseless. E-Pass

Technologies Inc. v. 3Com Corp., 559 F.3d 1374, 1379 (Fed. Cir. 2009) (quotations omitted).

Here, Mylan argues that because Nordisk had no basis for its infringement action, this litigation was "vexatious and unjustified" or "frivolous" and warrants the imposition of attorney's fees pursuant to § 285.  Def's Br. at 5.  Specifically, Mylan contends that Nordisk knew, or should have known, that Mylan "had not filed a Paragraph IV Certification with respect to claim 4 of the patent and has not sought approval to practice claim 4."  Id. at 1.  As a result, Mylan argues that Nordisk had no reasonable basis " for its argument that this Court had jurisdiction over an action where the accused infringer filed no Paragraph IV Certification with respect to the only claim asserted."  Id. at 5.  Indeed, according to Mylan, Nordisk knowingly "stretch[ed] [too] far in its attempt to find any argument allowing jurisdiction," and, because Nordisk was aware of the "stretch" of its argument, the subsequent litigation was meritless and warrants an award of attorney's fees pursuant to section 285.  Id. at 4.  The Court does not agree.

Initially, the Court notes that Mylan does not appear to argue that Nordisk engaged in any misconduct during the litigation.  Def's Br. at 3.   Thus, as discussed above, this Court may only award attorney's fees and costs under section 285 only if the litigant brought the infringement claim in subjective bad faith and the litigation was objectively baseless.   Here, the only evidence that Mylan sets forth in support of its argument that Nordisk acted in bad faith is the assertion that Nordisk had no reasonable basis upon which to bring its infringement action.  However, the Federal Circuit has explained that "[t]here is a presumption that the assertion of infringement of a duly granted patent is made in good faith ."  Brooks Furniture Mfg. Inc., 393 F.3d at 1382 (citations omitted).  The mere fact that this Court determined that it had no jurisdiction over the action because Nordisk's infringement action was not ripe, does not, in and

9

of itself, establish Nordisk's bad faith. In Brooks Furniture, the Court explained that, "[i]nfringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." 393 F.3d at 1384. Indeed, numerous courts have held that a court's disagreement with a party's position is not commensurate with evidence of bad faith. See Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc., 393 F.3d 1378, 1384 (Fed. Cir. 2005)(finding that bad faith is not established when a court "reached a different conclusion on the merits of infringement"); 800 Adept, Inc. v. Murex Securities, Ltd., 539 F.3d 1354, 1371 (Fed. Cir. 2008)(quoting Prof'l Real Estate Investors, Inc., 508 U.S. at n.5 (cautioning that courts must "resist the understandable temptation to engage in post hoc reasoning by concluding" that an ultimately unsuccessful "action must have been unreasonable or without foundation."). Thus, this Court finds that Mylan has failed to establish by clear and convincing evidence that Nordisk acted with bad faith sufficient to warrant sanctions under section 285.

Moreover, the Court finds that Mylan has failed to establish that the infringement action was objectively baseless. Infringement allegations are objectively baseless if "no reasonable litigant could realistically expect success on the merits." Prof'l Real Estate Investors, Inc.., 508 U.S. at 60; see also GP Indus., Inc. v. Eran Indus., Inc., 500 F.3d 1369, 1374 (Fed.Cir.2007). As discussed above, although this Court did find that the underlying infringement action was not ripe for review, based on the Complaint and the arguments presented in the underlying litigation, the Court also finds that the challenged litigation was not objectively baseless. See Prof'l Real Estate Investors, 508 U.S. at 60 (reasoning that a lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits). For example, the Court found that Nordisk's position on jurisdiction was based on existing case law and its

10

understanding of the facts. Novo Nordisk, Inc. v. Mylan Pharms. Inc., 2010 WL 1372437 at *9. Moreover, this Court engaged in a lengthy analysis of Nordisk's claims, and, although the Court ultimately concluded that Novo Nordisk's claim "rest[ed] upon contingent future events that may not occur as anticipated, or indeed may not occur at all," id. at *13, such a conclusion does not mean that Nordisk's claim was objectively baseless or pursued with subjective bad faith. Indeed, the Court takes judicial notice of the Federal Circuit's decision in Novo Nordisk A/S v. Caraco Pharmaceutical Laboratories, Ltd., 601 F.3d 1359 (Fed. Cir. 2010) which was issued shortly after this Court dismissed Nordisk's Complaint in the underlying matter. In Caraco, the Federal Circuit vacated the decision of a Michigan District Court and held that Caraco, a generic ANDA filer, should have filed a Paragraph IV certification with regard to claim 4 of Nordisk's 358 patent. Id. at 1363-65. In other words, Nordisk's position in the underlying matter, i.e., that Mylan should have filed a Paragraph IV certification with regard to claim 4 of the 358 patent, appears to have been bolstered by the Federal Circuit's decision in Caraco. Id. at 1363-65.

Finally, the Court notes that Mylan's reliance on Astrazeneca AB v. Dr. Reddy's Laboratories, Ltd., No. 07Civ. 6790, 2010 WL 1375176 (S.D.N.Y. March 30, 2010) is inapposite. In Astrazeneca, the court granted summary judgment in favor of defendants noting that, "Astra never put forward any evidence of infringement and any reasonable party would have known that this action should have terminated early. . . . In fact, every court that addressed the merits of Astra's claim concluded without much effort that it was frivolous." Id. at *4 (emphasis added). Unlike Astra, this Court never reached the merits of Nordisk's Complaint. Thus, as discussed above, Mylan did not receive relief on the merits. Moreover, unlike Astra, although this Court dismissed Nordisk's infringement claim as unripe, the Court did not find that

11

Nordisk's claims were frivolous. Instead, as discussed above, the Court engaged in a lengthy analysis of Nordisk's claims and Mylan's arguments for dismissal.

Because Mylan has failed to establish by clear and convincing evidence that Nordisk brought its action in subjective bad faith and that the litigation was objectively baseless, this Court will deny Mylan's application for attorney fees.

**III. CONCLUSION**

For the reasons stated above, this Court DENIES Defendant's motion for attorney's fees and costs related to Plaintiff's patent infringement claim.

Dated: December 1, 2010

/s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.